UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6282 CR-FERGUSON
Magistrate Judge Snow

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROBERT SCHACHNER,

    Defendant.
_____/



## DEFENDANT ROBERT SCHACHNER'S SENTENCING
## MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE

Defendant ROBERT SCHACHNER ("SCHACHNER"), by and through his undersigned counsel, hereby files this Sentencing Memorandum and moves this Honorable Court for a downward departure pursuant to U.S.S.G. Section 5H1.4, based on his extraordinary physical impairment, to a sentence of eleven (11) months home confinement and in support states the following:

1.     SCHACHNER, who is sixty (60) years old, underwent a kidney transplant in March 1998. He continues to suffer significant medical problems, which require appropriate care in a medical setting. Mr. Schachner currently suffers from post-transplant diabetes, requires the repair of a transplant incisional hernia and must be closely monitored for renal function. Please see correspondence from Dr. George W. Burke attached as Exhibit "1."

2.     In addition, SCHACHNER has demonstrable insufficient blood flow to the muscle of the heart. Please see correspondence from Dr. Eduardo de Marchena, attached as Exhibit "2."

3.     Consequently, SCHACHNER suffers from extraordinary physical impairment, which cannot be adequately addressed should he be incarcerated.

4.  On or about November 3, 2000, SCHACHNER entered a Plea Agreement[1], which recognized that he would be seeking a downward departure to eleven- (11) months home confinement due to his medical condition.

5.  As part of the Plea Agreement, the United States agreed not to oppose this Motion if Mr. Schachner's medical condition did not improve.[2]

## MEMORANDUM OF LAW

USSG §5H1.4 provides, in pertinent part: "Physical condition . . . is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an **extraordinary physical impairment** may be a reason to impose a sentence below the applicable guideline range; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." (Emphasis added). SCHACHNER, who is sixty (60) years old, suffers from such serious infirmities.

As shown by the correspondence from Dr. Burke and Dr. de Marchena, attached as Exhibit "1" and Exhibit "2" respectively, SCHACHNER suffers from post-transplant diabetes; requires cardiac monitoring for coronary artery disease and must have an incisional hernia repaired. SCHACHNER requires immunosuppressive medications 2-3 times per day and needs to check his blood sugars on multiple occasions (4 or greater) during the day and correct with insulin as needed. Most significantly, in the opinions of two well-respected doctors, SCHACHNER's fragile medical state requires more care than is available from the Federal Bureau of Prisons.

---

[1] Pursuant to the Plea Agreement, SCHACHNER plead guilty to an information which charged a violation of 18 USC Section 1344, for causing checks to be cashed drawn on accounts knowing funds were not available to pay those checks. SCHACHNER agreed to pay restitution in the total amount of $369,832.33. Significantly, the total sum of $307,616.50 has already been paid.

Consequently, SCHACHNER's medical condition presents the extraordinary physical impairment necessary that other Court have agreed is necessary to establish for a downward departure pursuant to USSG Section 5H1.4. For example, in *United States v. Rioux*, 97 F.3d 648 (2d Cir. 1996), the defendant suffered from kidney transplant twenty (20) years earlier, which required him to sustain regular blood tests and take prescription medicines. In addition, the defendant, as a complication of the kidney medications, contracted a bone disease requiring a double hip replacement, which required monitoring. On the basis of his medical condition and charitable contributions to the community, the Court reduced the defendant's base offense level from twenty (20) to ten (10); and sentenced the defendant to six (6) months' home confinement, three (3) year's probation, and five hundred (500) hours of community service. Similarly, in *United States v. Baron*, 914 F.Supp. 660 (D.Mass. 1995), the defendant suffered from several inter-relating medical conditions, which each potentially could exacerbate the other. These included the removal of his pituitary gland, the potential for acute adrenal insufficiency, the potential for prostate cancer, as well as coronary artery disease and hypertension, where stress could trigger a physiological reaction difficult to control. After considering these medical circumstances (and the defendant's age, 76 years old), the Court granted a downward departure based on the Defendant's medical condition. There, the court noted, "as a general matter, as well as being costly, imprisonment is not efficacious particularly where the offender is not as likely to commit future crimes as a young offender." *Id.* at 663(Noting that keeping infirm elderly people incarcerated can cost three times more than imprisoning younger offenders.)

---

[2] As shown by the attached correspondence from Dr. Burke, SCHACHNER's physical and medical condition have not improved since the entry of the Plea Agreement.

Indeed, as noted above, USSG Section 5H1.4 specifically permits home confinement as an alternative form of punishment for seriously infirm defendants. *See United States v. Maltese*, 1993 WL 222350, \*9 (N.D. Ill. 1993)(where the court granted a sixty-two (62) year old defendant suffering from liver cancer a downward departure based on a shortened life expectancy and the need for continued required medical treatment of chemotherapy); *United States v. Moy*, 1995 WL 311441 (N.D. Ill. 1995)(the Court granted a 48-month downward departure, from 79-97 months to a 30 month sentence, to an elderly defendant suffering from coronary artery disease, a recent hernia repair and a history of depression); and *United States v. Paradies*, 14 F.Supp.2d 1315 (N.D. Ga. 1998)(where the court granted a downward departure based on the combination of the defendant's age, suffering from osteo-arthritis in his knees, hands, spine and neck, a torn rotator cuff in his left shoulder, the potential for prostate cancer, a heart condition and depression. Based on the combination of these factors, the court found that the defendant suffered extraordinary physical impairment to be outside the guidelines); *United States v. Libutti*, 1994 WL774647 (D.N.J. 1994)(where the Court granted a downward departure to a 62 year old defendant, who suffered from coronary problems, personality disorder and severe psychiatric conditions phobia); *United States v. Dusenbery*, 9 F.3d 110 (6th Cir. 1994)(where the Court granted a downward departure in part due to the defendant's removal of both kidneys and the necessity to undergo dialysis three (3) times per week.)

Because SCHACHNER suffers from extraordinary physical impairment, USSG authorizes this Court to grant a downward departure to a sentence of eleven (11) months house arrest; a sentence which would be in accord with the Plea Agreement.

**WHEREFORE**, Defendant ROBERT SCHACHNER respectfully requests this Honorable Court grant his Motion for Downward Departure, sentence him to eleven (11) months house arrest and for such and other further relief as this Court deems just and proper.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to: ROBIN ROSENBAUM, Assistant United States Attorney, 500 East Broward Boulevard, Fort Lauderdale, Florida 33301 and PAUL CRESCE, United States Probation Officer, 301 Simonton Street, Room 230, Key West, Florida 33040, this 23rd day of January 2001.

Respectfully submitted,

RUDEN, McCLOSKY, SMITH
SCHUSTER & RUSSELL, P.A.
Attorneys for ROBERT SCHACHNER
15th Floor
200 East Broward Boulevard
Post Office Box 1900
Fort Lauderdale, Florida 33302
(954)764-6660; Miami (305)789-2700
Fax: (954)764-4996

By:_____
Marc S. Nurik
Florida Bar No. 272817

Todd I. Stone
Florida Bar No. 947970

# DAUGHTRY FAMILY DEPARTMENT OF SURGERY
## DIVISION OF TRANSPLANTATION
P.O. Box 012440 (R-440), Miami, Florida 33101

Joshua Miller, M.D., Andreas G. Tzakis, M.D., Ph.D. Co-Directors

**Heart/Lung Transplant Surgery**
Si M. Pham, M.D., Director
305-355-5070  Fax: 305-355-5074
Mark A. Anderson, M.D.
Richard Kaplon, M.D.
305-355-5096  Fax: 305-547-2185
Kushagra Katariya, M.D.
305-355-5070  Fax: 305-355-5074

**Kidney Transplant Surgery**
Joshua Miller, M.D. Co-Director
305-355-5100  Fax: 305-355-5134
George W. Burke, M.D. Co-Director
Gaetano Ciancio, M.D. Associate Director
305-355-5111  Fax: 305-355-5134
Frederick Schild, M.D.
305-585-5286  Fax: 305-585-5794

**Liver GI Transplant Surgery**
Andreas G. Tzakis, M.D., Ph.D. Director
305-355-5011  Fax: 305-355-5012
Jose Nery, M.D., Associate Director
  Outpatient Screening
Tomoaki Kato, M.D. Associate Director
  Pediatric Liver Transplant
David M. Levi, M.D. Associate Director
  Postgraduate Education
305-355-5046  Fax: 305-355-5134

**Pancreas Transplant Surgery**
George W. Burke, M.D. Director
Gaetano Ciancio, M.D. Associate Director

**Transplant Urology Surgery**
Transplant Education
Gaetano Ciancio, M.D. Director

**Transplant Cardiology**
E. Joseph Bauerlein, M.D. Director
305-585-5541  Fax: 305-585-5826
Stephen M. Mallon, M.D.
305-585-5525  Fax: 305-585-7089
Raphael Sequera, M.D.
305-585-5530  Fax: 305-585-7089

**Transplant Hepatology**
Eugene R. Schiff, M.D.
Lennox Jeffers, M.D., F.A.C.P.
K. Rajender Reddy, M.D., F.A.C.P.
Enrique Molina, M.D.
Miguel J. Rodríguez, M.D.
Christopher O'Brien, M.D.
305-243-5787  Fax: 305-243-3877

**Transplant Nephrology**
David Roth, M.D. Director
305-243-6251  Fax: 305-243-3506
Warren Kupin, M.D. Associate Director
305-355-5110  Fax: 305-355-5134

**Transplant Pulmonology**
Debra Fortel, M.D. Director
305-585-7540  Fax: 305-324-0869

**Immunology Laboratories**
Violet Esquenazi, Ph.D., Director
305-243-5796  Fax: 305-243-4449

**Organ Retrieval**
Les Olson, B.A. Director
305-243-7622  Fax: 305-243-7628
George Burke, M.D. Medical Co-Director
Joshua Miller, M.D. Medical Co-Director
Andreas G. Tzakis, M.D. Medical Co-Director

January 18, 2001

To Whom It May Concern:

This is a note regarding the medical condition of Robert Schachner. Mr. Schachner reached the point of end stage renal disease and was on dialysis for three years. He underwent right nephrectomy and then on March 19, 1998, he underwent kidney transplant. He required a second operation for removal of an infected mesh layer and then subsequently recovered from this with good kidney transplant function. He did, however, developed a hernia in the transplant incision, secondary to the development of the infected mesh. Since the time of his transplant, his kidney function has been excellent, however, he has had some metabolic derangement, secondary to the immunosuppression.

Most importantly, Mr. Schachner has developed post-transplant diabetes for which he is currently under the care of a diabetologist and taking insulin. He will also need repair of his transplant incisional hernia in the near future. In the meantime, he will need a cardiac evaluation as well as an endocrine update regarding the status of his diabetes. Furthermore, Mr. Schachner needs to be closely monitored for renal function as well as levels of immunosuppressive agents and blood sugars in view of his recent onset of severe diabetes.

Mr. Schachner has significant medical problems which require appropriate care in a medical setting. He needs to take immunosuppressive medications 2-3 times per day, and he needs to check his blood sugars on multiple occasions (4 or greater) during the day, and correct his blood sugars with insulin as needed. He needs blood work on a regular basis and to have his medications changed and adjusted as needed. It is critical that he has sufficient access to medical care in order to maintain his current status of health.

We are currently making arrangements for the hernia repair surgery. He will need cardiac clearance from Dr. Eduardo De Marchena, and a consult with Dr. Seth Thaller of Plastic Surgery, who might become involved should an abdominal wall flap become necessary as part of the massive abdominal wall hernia repair.

I feel that the amount of medical attention necessary to maintain Mr. Schachner's fragile state of health is more demanding than would be possible should he be incarcerated.

If I can be of any further help, please do not hesitate to contact me.

Sincerely yours,

George W. Burke III, M.D., F.A.C.S.
Professor of Surgery
Division of Kidney, Kidney/Pancreas Transplantation
Director, Pancreas Transplant Program

GWB/mc


UNIVERSITY OF Miami
SCHOOL OF MEDICINE


EXHIBIT



CARDIOVASCULAR CENTER

January 5, 2001

Todd Stone, Esq.
Law offices of Ruden, McCloskey, P.A.
200 E Broward Blvd, Ste 1500
Ft. Lauderdale, Florida 33301

Re: Robert Schackner

Dear Mr. Stone:

Please be advised Mr. Schackner is patient of mine being followed for Coronary Artery Disease and Renal transplantation. In recent stress testing he still has the demonstrable insufficient blood flow to the muscle of the heart. Because of this we have advised him to avoid high stress provoking circumstances.

I feel that the stress of imprisonment would be potentially dangerous given his fragile clinical state.

Sincerely,

Eduardo de Marchena, M.D., F.A.C.C., F.A.C.P.
Professor of Medicine
Director, Interventional Cardiology
Medical Director, University of Miami Cardiovascular Center

University of Miami Cardiovascular Center
1475 N.W. 12 Avenue
Miami, Florida 33136
Phone: 305-243-2222
Fax: 305-243-4140

*A Comprehensive Multidisciplinary Center for the prevention, diagnosis, treatment & research
of cardiovascular disease at University of Miami/Jackson Memorial Medical Center*

EXHIBIT "2"